[Civ. No. 1355.    Second Appellate District.—May 6, 1913.]

# S. McCRAY, Appellant, *v.* C. D. MANNING et al., Respondents.

HIGHWAY IMPROVEMENTS — TITLE OF STATUTE—SUFFICIENCY WITHIN CONSTITUTIONAL REQUIREMENTS.—The act of 1907 (Stats. 1907, p. 806), entitled "An act to provide for work upon public roads, streets, avenues, boulevards, lanes and alleys not within the territory of incorporated cities or towns; for the incidental establishment of grades thereof; for the construction therein or thereon of sidewalks, sewers, manholes, bridges, cesspools, gutters, tunnels, curbing and crosswalks; for the issue of bonds representing the costs and expenses thereof; for a special fund derived in part from the county road fund and in part by special assessment upon a district; and for the establishment of such district," is not unconstitutional as embracing within its title more than one subject.

ID.—IMPROVEMENT OF HIGHWAY—ASSESSMENT — NONABUTTING PROPERTY.—The right of the board of supervisors, under such act, to levy an assessment for the improvement of a highway outside of an incorporated city or town, is not confined to abutting property, but extends to all property within the district which they establish.

ID.—BOUNDARIES OF BENEFITED DISTRICT—DETERMINATION BY SUPERVISORS—PRESUMPTION.—The boundaries of a district benefited by the improvement of a highway outside of a city or town is a matter for determination under the discretion of the board of supervisors, which will be presumed to have been correctly determined.

ID.—DAMAGES AND COMPENSATION—SPECIAL INJURIES.—The damage contemplated in the constitution for which compensation must first be paid is damage other than such as is sustained in common with other abutters on the street or the general public; it refers to a special injury which an abutter receives over and above such common injury.

ID.—INTERFERENCE WITH ACCESS TO PROPERTY—CONSTITUTIONAL LAW. The statute of 1907 (Stats. 1907, p. 806), providing for the improvement of highways outside of cities and towns is not unconstitutional, in that property is taken thereunder for public use without

compensation first being provided, in case the only claim of a property owner in relation thereto is that ingress and egress to his property will be affected during the time the improvement is being made, or, if thereafter, only such as is in common with other abutters on the highway.

APPEAL from a judgment of the Superior Court of Los Angeles County. Gavin W. Craig, Judge.

The facts are stated in the opinion of the court.

W. R. Law, for Appellant.

J. D. Fredericks, District Attorney, B. C. Hanna, Chief Deputy District Attorney, A. J. Hill, Deputy District Attorney, and Frederick Baker, for Respondents.

ALLEN, P. J.—The complaint filed herein by plaintiff alleged ownership by plaintiff of real property within a certain road improvement district, No. 9, in Los Angeles County; that the defendant supervisors had through a resolution of intention ordered the improvement of a certain highway therein by grading and oiling the same and constructing therein curbs, sidewalks, and gutters, and had provided that to cover the cost and expenses of such work bonds were to be issued to the amount of the same, and a special fund for the payment of said bonds to be constituted, partly by the transfer of moneys from the county road fund and partly by levying a special assessment tax upon the land within the district; that pursuant to such resolution of intention, a contract was entered into between the supervisors and defendant Law for the work of improving said road; that said contractor is about to begin work on said road; that defendant Hunt threatens to and will, unless restrained, upon completion of such work issue the bonds provided by said act, and that the board of supervisors threaten to levy an assessment upon the property within said road district to pay the principal and interest of said bonds. Plaintiff prays for an injunction restraining defendants from further proceeding under said contract and the performance of any acts thereunder. To this complaint a general demurrer was filed, which being sustained by the

trial court and no amendment thereto being had, judgment went for defendants, from which judgment plaintiff appeals.

This appeal rests solely upon the claim of appellant that the act under which this proceeding is sought to be taken (Stats. 1907, p. 806) is unconstitutional in that the title thereto violates the constitutional inhibition found in section 24 of article IV, which provides that every act shall embrace but one subject, which subject shall be expressed in its title, it being contended that more than one subject is embraced therein. The title to the act in question is in these words: "An act to provide for work upon public roads, streets, avenues, boulevards, lanes and alleys not within the territory of incorporated cities or towns; for the incidental establishment of grades thereof; for the construction therein or thereon of sidewalks, sewers, manholes, bridges, cesspools, gutters, tunnels, curbing and crosswalks; for the issue of bonds representing the costs and expenses thereof; for a special fund derived in part from the county road fund and in part by special assessment upon a district, and for the establishment of such districts." It is plain to us that the only subject embraced within this title has reference to the improvement of highways, together with providing means for payment of the cost thereof, either by way of general improvement, as is shown to be the object in the case under consideration, or certain specific improvements in furtherance of such general improvements, and whether general or special, they are nevertheless improvements and proper methods for the attainment of the ends sought by the act; and therefore not in conflict with the constitutional provision quoted. (*Ex parte Kohler,* 74 Cal. 41, [15 Pac. 436].)

It is contended further by appellant that but one road is sought to be improved in the district, other roads remaining unimproved, and that no authority vests in the supervisors to form a district the property within which should be liable for the improvement of any particular specified road; in other words, that the only assessment which supervisors could make would be one upon abutting property. We think it has been so frequently determined that it may be said to have become established law in this state, that the benefits from improving streets are not confined necessarily to property fronting upon the street; that the right to levy assessments exists because

of the benefits derived to property, whether abutting or otherwise, and that the boundaries of the district or locality so benefited is a matter for determination under the discretion of the board of supervisors which will be presumed, in the absence of anything to the contrary, to have been correctly determined.

It is further contended that the act is unconstitutional as an invasion of plaintiff's rights, in that property is being taken for public use without compensation first being provided; the only claim in relation thereto certainly affecting plaintiff's property being that ingress and egress to the property will necessarily be affected during the time the improvement is being made, or if thereafter only such as is in common with other abutters, and therefore he is entitled to be paid damages incidental to this injury to his ingress and egress before the proceedings are instituted. The damage contemplated in the constitution for which compensation must first be paid is damage other than such as is sustained in common with other abutters on the street, or the general public. In other words, it refers to a special injury which he receives over and above such common injury. This was determined as early as *Reardon* v. *San Francisco,* 66 Cal. 506, [56 Am. Rep. 109, 6 Pac. 317], and has been followed and approved in subsequent decision by our supreme court.

We see no merit in appellant's contention that the act in question is unconstitutional, and are of opinion that the demurrer to plaintiff's complaint was properly sustained.

Judgment affirmed.

James, J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 2, 1913.